(C. D. 75)

Alpha Lux Co., Inc. *v.* United States

## United States Customs Court, Third Division

(Decided January 10, 1939)

Puckhafer & Rode (George J. Puckhafer of counsel) for the plaintiff.
Charles D. Lawrence, Acting Assistant Attorney General (Charles J. Miville, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

EVANS, Judge: This is an action against the United States in which the plaintiff seeks to recover money claimed to have been illegally assessed upon importations of merchandise described in the protests as "spent iron ore"; in the entries as "crude iron ore"; in the invoices as "Bauxite Ore or Crude Iron Ore or Gas Purifying Material"; in the appraiser's special reports on the protests as gas purifying material similar to the material which is the subject of Abstract 3627, a residue largely of oxide of iron, a waste from the extraction of aluminum from crude bauxite ore; and in the stipulation upon which the protests have been submitted for decision, as "bauxite residue similar in all respects to the bauxite residue" which was held dutiable as waste under the act of 1922 in said Abstract 3627.

The collector of customs at the port of entry assessed duty on the commodity at the rate of 10 per centum ad valorem under the provision in paragraph 1555 of the Tariff Act of 1930 for waste, not specially provided for.

It is claimed by the plaintiff to be free of duty under paragraph 1664 of the same law as "Metallic mineral substances in a crude state, such as drosses, skimmings, residues," etc., "not specially provided for." Other claims are made but not relied on.

The cases have been consolidated and submitted upon the following stipulation:

It is stipulated and agreed by and between the parties that the merchandise assessed with duty at 10% ad valorem as waste, not specially provided for, under the provisions of paragraph 1555, Tariff Act of 1930, consists of bauxite residue similar in all material respects to the bauxite residue held dutiable at 10% under the provisions of paragraph 1457, Tariff Act of 1922, in the case of Biddle W. Allen & Co. v. The United States, Abstract decision number 3627, protest number 57153G, the record of which case is incorporated herein.

It is further stipulated and agreed that each party reserves the right to present to the Court additional evidence at the trial of the above entitled protests.

It is further affirmed by the undersigned George J. Puckhafer, member of the firm of Puckhafer & Rode, counsel for the plaintiff, that the protests covered by this stipulation have been examined, and he certifies that said protests have been duly signed and filed within the statutory time.

It will be noted that the above stipulation agrees that the "record" in the case decided in Abstract 3627 may be incorporated in and made part of the record herein. The matter is therefore before us on that basis, no testimony having been introduced.

In the decision cited this division of the court held that the proper classification for duty purposes of the article there in suit was under the provision for waste, which holding necessarily involved a finding that bauxite residue is not a metallic mineral substance.

Bauxite residue as it was described in the incorporated record is a residue obtained after bauxite ore has been processed and after there have been taken therefrom oxide of alumina and sulphate of alumina (a chemical salt known as alum).

The facts here are obviously the same as in the case cited, for, as already stated, the only testimony produced in the instant case is that which was adduced in the earlier case and under the case cited the instant claims would seem to have no merit. However, plaintiff's attorney argues in his brief that the law respecting crude metallic mineral substances has been so changed by the 1930 act that the former decision is no longer binding.

The Government did not file a brief.

There being no disputed question of fact, the issue is purely one of statutory construction and we do not agree with the views of the plaintiff's attorney, for we are convinced that the changes made in the statute do not require any different conclusion now from that which was reached under the act of 1922.

Paragraph 1664 of the present tariff act, upon which plaintiff relies, is as follows:

[Free list.]

PAR. 1664. Metallic mineral substances in a crude state, such as drosses, skimmings, residues, brass foundry ash, and flue dust, not specially provided for.

The prototype paragraph in the act of 1922 was in the following language:

PAR. 1562. Metallic mineral substances in a crude state, and metals unwrought whether capable of being wrought or not, not specially provided for.

Concisely stated, the statute has been altered by the elimination of the provision for unwrought metals and by the addition of "drosses, skimmings, residues, brass foundry ash, and flue dust," these specific designations being preceded by the explanatory phrase "such as." A purist might find ground for criticism in the language which Congress selected to clothe its thought. Drosses, skimmings, and brass foundry ash can not, with strict accuracy, be said to be metallic mineral substances in a crude state. They are, rather, metal resultants or residues from a process that was applied to a material which was itself a

crude metallic mineral substance. However, that is not of decisive importance. The intent of Congress is plain. The abolition of the provision for unwrought metals would have made dutiable a number of drosses, skimmings, and other similar residues that had been held free of duty under the provision for unwrought metals. To insure their continued admission free of duty Congress inserted these *eo nomine* designations in the paragraph. Flue dust has been held dutiable as a nonenumerated manufactured article in the case of *American Smelting & Refining Co.* v. *United States*, 12 Ct. Cust. Appls. 212, T. D. 40226. This decision was made reluctantly, as intimated by Presiding Judge Martin, inasmuch as it was the raw material, so to speak, from which a certain finished product, i. e., arsenious acid, was made; whereas the finished arsenious acid was on the free list.

We think the only logical conclusion to be drawn from the history of the legislation is that the provision for metallic mineral substances is still the dominating element in the paragraph, subject to the same construction that has been applied to it, that is, that it includes only substances in which metal as such is present. Therefore, the bauxite residue here in question is not covered by the terms of the present paragraph of the free list, any more than it was when Abstract 3627, *supra*, was decided.

In a well-known publication entitled "The Non-Metallic Minerals" by Dr. George P. Merrill, second edition, at pp. 89 *et seq.*, bauxite is described under the oxides. Since bauxite ore itself is not a metallic mineral substance because it contains no metal as such, it inevitably follows that the residue from the reduction of the bauxite ore is not a metallic mineral substance. This holding is in strict accord with the authorities.

In the *American Smelting & Refining Co.* case, *supra*, Judge Martin stated:

> We think also that the imported article is not dutiable under the classification of a metallic mineral substance in a crude state, since it contains no metal as such.—Hempstead v. United States (122 Fed. 538, reversing G. A. 4936; T. D. 23091).

In our opinion paragraph 1664 has been enlarged only by the addition of the provision for flue dust; otherwise it is limited to substances that contain metal in the form of metal.

For the foregoing reasons plaintiff's claims are overruled and the decision of the collector that the merchandise is properly dutiable as waste not specially provided for is affirmed.

Judgment for defendant. It is so ordered.